UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

FRANCIS JOSEPH,                         :
    Plaintiff                       :
                                        :
    v.                              :    File No. 1:08-CV-11
                                        :
ROBERT HOFMANN, RANDY STOVALL,          :
CORRECTIONS CORPORATION OF AMERICA,     :
JOHN FERGUSON, VERMONT DEPARTMENT       :
OF CORRECTIONS, GARNER DUNN             :
GREG BARRETT, BESSIE HUGHES,            :
OFFICER BINGHAM,                        :
JOHN AND JANE DOES,                     :
    Defendants.                     :

<u>ORDER</u>
(Papers 18, 20)

I. <u>Background</u>

    Defendants Robert Hofmann, the Vermont Department of Corrections ("VDOC"), Corrections Corporation of America, and Randy Stovall, John Ferguson, Greg Barrett and Bessie Hughes in their official capacities, filed a Motion to Dismiss claims of Plaintiff Francis Joseph. (Paper 15.) The Plaintiff did not object or respond to Defendants' motion. The Magistrate Judge issued a Report and Recommendation ("R&R") on September 12, 2008. (Paper 18.) The R&R recommends (1) dismissing all claims against the VDOC, all individual capacity claims against Hofmann, and all damages claims against Hofmann in his official capacity; and (2) transferring the remaining claims to the United States District

1

Court for the Eastern District of Kentucky under 28 U.S.C. § 1406.

Unfortunately, Hofmann's Motion to Dismiss did not address Joseph's official capacity claims for declaratory and injunctive relief, so the Magistrate Judge did not address these issues in the R&R. (See Paper 18 at 7 n.2.) Presently before the Court is Defendant Hofmann's Objection to the Magistrate's Report and Recommendation, (Paper 19), or in the alternative, Defendant's Second Motion to Dismiss Joseph's claims for injunctive relief against Hofmann in his official capacity. (Paper 20.) Plaintiff has not responded to Hofmann's Objection or alternative motion to dismiss, nor did he object to the Magistrate Judge's R&R. Rather than return Hofmann's Objection to the Magistrate Judge, the Court will rule on the alternative motion to dismiss so as to facilitate the timely transfer of the remaining issues to the District of Kentucky.

## II. Official Capacity Prospective Relief Against Hofmann

### A. Background

The Court adopts the facts found and the motion to dismiss standard of the Magistrate Judge in his Report and Recommendation. In his complaint, Joseph requests various forms of declaratory relief against Hofmann in his official capacity. See Complaint, pp. 18-19, ¶¶ 1, 2, 4. In addition, he petitions for a permanent injunction against Hofmann "baring (sic) them

2

from . . . delaying or interfering in any prescribed course of . . . treatment ordered by a licensed physician for the plaintiff's injuries, and further to arrange for any and all previously ordered . . . treatment and also barring them from retaliating against this petitioner for filing this complaint with the federal court." Complaint at 19-20, ¶ B.

B. <u>Standing For Prospective Injunctive Relief</u>

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983). The standing test for a plaintiff seeking injunctive relief is narrowly tailored.

> In order to meet the constitutional minimum of standing to seek injunctive relief, [plaintiff] must carry the burden of establishing that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct. In doing this, he cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future.

<u>Shain v. Ellison</u>, 356 F.3d 211, 215 (2d Cir. 2004) (citations and quotations omitted); <u>see</u> <u>also</u> <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974) (holding that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects").

Because Plaintiff's claims are for past injury, not ongoing or future harm, he lacks standing to demand declaratory and prospective injunctive relief against Hofmann in his official capacity. Plaintiff does not allege that he suffers from any present medical condition or is threatened with future retaliation. The Court, therefore, lacks subject matter jurisdiction to issue an injunction, and Joseph's claim for injunctive relief must be dismissed.

III. Conclusion

After de novo review, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. See 28 U.S.C. § 636(b)(1). Defendants' motion to dismiss (Paper 15) is GRANTED in part. The following claims are hereby DISMISSED: (1) all claims against the Vermont Department of Corrections; (2) all claims for damages against Robert Hofmann in his official capacity; and (3) all claims against Robert Hofmann in his individual capacity. The remainder of the case is TRANSFERRED to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406.

Further, Robert Hofmann's alternative motion to dismiss the official capacity declaratory and injuctive relief claims (Paper 20) is GRANTED.

It is further certified that any appeal taken <u>in forma pauperis</u> from this Order would not be taken in good faith because such an appeal would be frivolous.  <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of February, 2009.

<pre>
                              /s/ J. Garvan Murtha
                              Honorable J. Garvan Murtha
                              United States District Judge
</pre>